IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ROBERT "RYAN" WARD,<br><br>    Plaintiff,<br><br>vs.<br><br>ROAD BUILDERS MACHINERY & SUPPLY CO., INC.,<br><br>    Defendant. | No. 4:21-cv-00056–JEG-SBJ<br><br>**O R D E R** |

This matter comes before the Court on Motion by Defendant Road Builders Machinery & Supply, Co., Inc. to Change Venue to the District of Nebraska pursuant to 28 U.S.C. § 1404(a), ECF No. 5. Plaintiff Robert "Ryan" Ward responded and does not resist the motion, ECF No. 6. The parties have not requested a hearing, and the Court finds no hearing is necessary. The matter is fully submitted and ready for ruling.

**I.   BACKGROUND**

This case arises out of a traffic accident that occurred in Douglas County, Nebraska, on August 20, 2020. Road Builders employee Scott Rope was driving a Road Builders truck that collided with a motorcycle driven by Ward. On January 27, 2021, Ward, who is a resident of Cass County, Iowa, filed a negligence lawsuit in Iowa District Court for Polk County against Road Builders. On February 22, 2021, Road Builders, which is a Kansas corporation, timely removed the case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. On March 1, 2021, Road Builders filed the present motion to transfer venue to the District of Nebraska for the convenience of the parties and witnesses, and in the interest of justice. On March 11, 2021, Ward responded to the motion, indicating he does not resist the transfer and agrees that the District of Nebraska would be the most convenient venue for the case.

## II. DISCUSSION

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "A case may be transferred under § 1404(a) only when venue is proper in the transferor *and* transferee forums." Steen v. Murray, 770 F.3d 698, 701 (8th Cir. 2014).

### A. Venue

Because this case was removed, whether venue is proper in this Court is governed by § 1441(a). See St. Clair v. Spigarelli, 348 F. App'x 190, 192 (8th Cir. 2009) (unpublished per curiam) ("Title 28 U.S.C. § 1441(a) governs the venue of removed actions and authorizes removal to the district court for the district and division embracing the place where the state court action is pending." (internal citation omitted) (citing Polizzi v. Cowles Magazines, Inc*.*, 345 U.S. 663, 665–66 (1953))). Road Builders removed this case from the Iowa District Court for Polk County. This district and division embraces Polk County, and therefore venue is proper in this Court. Id.

Whether venue is proper in the District of Nebraska is governed by the general venue statute, 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The accident, which is the event giving rise to the claim, occurred in Douglas County, Nebraska, which is in the District of Nebraska. Venue is proper in that district.

B.  **Convenience and Interest of Justice Factors**

In balancing the convenience factor, the Court may consider

> (1) the convenience of the parties, (2) the convenience of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

In this case, the parties agree that the District of Nebraska would be the most convenient venue for this case.  The accident occurred in that district, many of the witnesses to the accident are located there, and Ward actually resides closer to the U.S. District Courthouse located in Omaha than he does to the U.S. District Courthouse in Des Moines, where this Court is located.

The interest of justice factors include

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

Id. at 696.  Of those, judicial economy supports transfer.  Road Builders asserts the proposed third-party defendant (the property owner whose overgrown vegetation partially obstructed Rope's vision) would likely be subject to personal jurisdiction in the District of Nebraska, but would not be in this Court, which, without transfer, could result in multiple lawsuits.  The other interest of justice factors are essentially neutral.

The Court finds the statutory bases for transfer have been met and the relevant factors, including the parties' agreement, support a finding that the District of Nebraska is the most convenient forum for this action.

### III. CONCLUSION

For the reasons provided, Road Builders' Motion to Change Venue to the District of Nebraska, ECF No. 5, must be **granted**. The Clerk of Court is directed to transfer this case to the U.S. District Court for the District of Nebraska.

**IT IS SO ORDERED.**

Dated this 15th day of March, 2021.

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT